UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIVERA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, *et al.*,<br><br>　　　　Defendants. | Case No.  2:20-cv-02235-TLN-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) FILE AN AMENDED COMPLAINT; OR<br><br>　(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

　　　Plaintiff Michael Rivera is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He has filed a complaint alleging that defendants have violated his right by restricting group administrative appeals and by retaliating against him for filing appeals.  ECF No. 1 at 5-7.  That complaint, for the reasons stated below, does not state a viable claim.  I will give plaintiff leave to amend.  Plaintiff has also filed an application to

1

proceed *in forma pauperis*, ECF No. 2, which I will grant.[1]

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] Plaintiff must pay the filing fee in accordance with the concurrently filed collection order.

Analysis

Plaintiff alleges that he and certain other unnamed inmates have filed group administrative appeals that have been "arbitrarily rejected" by defendants Birdsong and Armenta. ECF No. 1 at 5. Inmates have no "separate constitutional entitlement to a specific prison grievance procedure," however. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff also alleges that defendants Diaz, Macomber, Pogue, Carter, and Escobar violated his First Amendment rights by retaliating against him for filing group appeals and lawsuits. ECF No. 1 at 6. He claims that they did so by restricting the filing of group appeals. *Id.* This claim is vague and conclusory. Plaintiff does not allege what role each played in restricting group appeals or how he knows that each acted in retaliation. The Ninth Circuit has established five basic elements necessary to bring a First Amendment retaliation claim in the prison context: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). With respect to the second and third elements, a plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind a defendant's conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). The allegations in the current complaint are insufficient to make that showing.

Plaintiff may choose to file an amended complaint which addresses provides the required amount of detail, or he may stand on his complaint. If he chooses to stand on his complaint, I will recommend that it be dismissed.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the

1  allegations are ordered chronologically will help the court identify his claims.  Plaintiff should
2  describe how each defendant wronged him, the circumstances surrounding each of the claimed
3  violations, and any harm he suffered.

4      If plaintiff decides to file an amended complaint, the amended complaint will supersede
5  the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en
6  banc).  This means that the amended complaint must be complete on its face without reference to
7  the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the
8  current complaint no longer serves any function.  Therefore, in an amended complaint, as in an
9  original complaint, plaintiff must assert each claim and allege each defendant's involvement in
10 sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the
11 appropriate case number.

12     Accordingly, it is ORDERED that:
13     1.  Plaintiff's motion to proceed *in forma pauperis* is granted.
14     2.  Within sixty days from the service of this order, plaintiff must either file an
15 Amended Complaint or advise the court he wishes stand by his current complaint.
16     3.  Failure to comply with this order may result in the dismissal of this action.
17     4.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    January 15, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4