UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIVERA, | Case No. 2:20-cv-02235-TLN-JDP (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| RALPH DIAZ, *et al.*, | ECF No. 10 |
| Defendants. | |

On January 15, 2021, I screened plaintiff's complaint and notified plaintiff that the complaint did not state a viable claim.  ECF No. 7.  I granted plaintiff leave to file an amended complaint.  *Id*.  Rather than filing an amended complaint, plaintiff has filed a motion for reconsideration objecting to the January 15 screening order.  ECF No. 10.  Plaintiff's motion fails to show that reconsideration is appropriate and will therefore be denied.

Generally, a court will reconsider a prior order when it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Under the court's local rules, a motion for reconsideration must specify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R.

1  230(j)(3)-(4).

2  The January 15 screening order explained that plaintiff's claim challenging the rejection of his group grievance failed because he does not have a constitutional entitlement to a particular grievance procedure. ECF No. 7 at 3. It also notified plaintiff that the complaint's First Amendment retaliation claim was deficient because it was supported only by vague and conclusory allegations that failed to: (1) specify what role each defendant played in restricting plaintiff's ability to file a group administrative appeal and (2) demonstrate that plaintiff's protected activity was the motivating factor behind defendants' conduct. ECF No. 7 at 3; *see Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

In his motion for reconsideration, plaintiff first complains that the screening order failed to account for case authority that establishes a right to file a grievance. ECF No. 10 at 3. Plaintiff is correct that he has a First Amendment right to file grievances. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). But that right does not bestow an entitlement to a specific grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff's complaint only alleged that he was precluded from filing a group administrative appeal—not that he was prohibited from filing a grievance in accordance with his institution's established procedures.

Plaintiff also challenges the screening order's finding that the complaint failed to state a First Amendment retaliation claim. He specifically notes that the complaint alleged that defendants "conspired to and did enact emergency regulations to ban group appeals statewide in retaliation." ECF No. 7 at 6. The cited statement is precisely the type of conclusory and unadorned allegation that is proscribed by controlling Supreme Court authority. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v Twombly*, 550 U.S. 554, 555-57 (2007).

Plaintiff has failed to demonstrate that the January 15, 2021 screening order contained any error warranting reconsideration. Accordingly, it is hereby ORDERED that plaintiff's motion for reconsideration, ECF No. 10, is denied.

IT IS SO ORDERED.

Dated:   February 18, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE